E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

January 14 2020 1:41 PM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-04233-7

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

| | |
|---|---|
| PHILLIP MOODY, a single man | NO. |
| Plaintiff, | SUMMONS |
| vs. | |
| COMMUNITY CORRECTIONS OFFICER JUDY MCCULLOUGH, | |
| Defendant. | |

**TO THE DEFENDANT:** A lawsuit has been started against you in the above entitled court by Phillip Moody. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to

SUMMONS - PAGE 1

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
TEL: 509-232-7760  FAX: 509-232-7762

what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing the summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED January 14th, 2020.

PAUKERT & TROPPMANN, PLLC

By */s/ Breean L. Beggs*
BREEAN L. BEGGS, WSBA #20795
ANDREW S. BIVIANO, WSBA #38086
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
(509) 232-7760
Attorneys for Plaintiff

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

January 14 2020 1:41 PM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-04233-7

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

| | |
|---|---|
| PHILLIP MOODY, a single man | NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | |
| COMMUNITY CORRECTIONS OFFICER JUDY MCCULLOUGH, | |
| Defendant. | |

COMES NOW Plaintiff Phillip Moody, by and through his attorneys of record, and makes the following Complaint:

**1.   PARTIES**

1.1   Plaintiff Phillip Moody is a single man who resided within Pierce County Washington at relevant times related to this matter.

1.2   Community Corrections Officer ("CCO") Judy McCullough at all relevant times worked within Pierce County under color of law as a purported agent for the State of

COMPLAINT - PAGE 1

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
TEL: 509-232-7760  FAX: 509-232-7762

Washington Department of Corrections. Defendant Judy McCullough is named in her individual capacity only at this time.

## 2.   JURISDICTION & VENUE

2.2   Jurisdiction and venue are proper in the Superior Court of Pierce County, Washington, because the majority of actions that caused Plaintiff damages were committed by Defendant in Pierce County.

2.3   An administrative claim pursuant to RCW 4.92 *et seq* was presented to the State of Washington for causes of action under Washington State law. Once sixty days have passed from the submission of the notice of tort claim, Plaintiff will amend his complaint to add state law claims and potentially additional defendants.

## 3.   PRE-DISCOVERY FACTUAL ALLEGATIONS

3.1   On January 18, 2017, Plaintiff Phillip was in the custody of the Washington Department of Corrections at its Rap House/Lincoln Park in Tacoma, Washington, serving a Drug Offender Alternative Sentence ("DOSA") sentence.

3.2   On December 15, 2016 Plaintiff Phillip suffered a serious ankle injury on the way to a required community re-entry meeting and as a result could not travel on the stairs to the room where the meeting was held. Video cameras demonstrated that Plaintiff Phillip stayed at the entrance of the building where the meeting was held for the entire two-hour duration of the meeting until medical assistance arrived and transported him to a medical center.

3.3 Defendant CCO Judy McCullough accused Plaintiff of violating DOC rules of unauthorized time in the community and failing to complete or being terminated from his treatment program.

3.4 Defendant CCO Judy McCullough sought to terminate Mr. Moody's DOSA sentence based on failing to complete or being terminated from his treatment program due to failing a drug test.

3.5 Mr. Moody never failed a drug test and Defendant CCO McCullough knew that fact or was deliberately indifferent to the falsity of the allegation that he failed the drug test.

3.6  On January 18, 2018, Defendant CCO McCullough prosecuted Mr. Moody for being administratively terminated from his substance abuse for failing a drug test with the intent of having his DOSA sentence terminated and being returned to prison.

3.7 Upon belief, on January 18, 2018, a Department of Corrections hearing officer relied on Defendant CCO McCullough's false assertions and maliciously motivated prosecution to terminate Mr. Moody's DOSA, which resulted him being losing the option of community based substance abuse treatment and returning to prison for the balance of his sentence.

3.8 As a result of the illegal revocation of his DOSA sentence, Mr. Moody served more than two years in prison than he would have but for the malicious and false prosecution.

3.9 As a proximate cause of being returned to prison for two additional years, Mr. Moody suffered physical assault and extended time in solitary confinement.

3.10  As a proximate cause of being returned to prison for two additional years, Mr. Moody suffered physical and emotional distress and pain and loss of enjoyment of life in an amount to be proven at trial.

3.11  As a proximate cause of being returned to prison for two additional years, Mr. Moody suffered lost income in an amount to be proven at trial.

3.12  On January 23, 2019, Hearing Officer Erika Fields reversed the January 18, 2017 termination of Mr. Moody's DOSA because of the falsity of the allegation of him failing a drug test, which resulted in his release from prison.

3.13  Having terminated the prosecution against him on January 23, 2019 less than one year ago, Mr. Moody brings the following liability claims against Defendant CCO Judy McCullough.

## 4.  LIABILITY

### STATE LAW CAUSES OF ACTION

### Unlawful Imprisonment

4.1  The conduct of the Defendant resulted in the intentional confinement of Plaintiff for an estimated additional two years, which was unjustified under the circumstances and unlawful.

4.2  As a direct and proximate result of the Defendant's conduct, Plaintiff sustained injuries and damages, discussed more fully herein.

### Malicious Prosecution

4.3   Defendant initiated and/or continued the prosecution of Plaintiff when she sought to terminate his DOSA and impose additional incarceration, without probable cause and based on malice.

4.4   Plaintiff's malicious prosecution was terminated on the merits in his favor on January 23, 2019.

4.5   As a direct and proximate result of the Defendant's conduct, Plaintiff sustained injuries and damages, discussed more fully herein.

4.6   Defendant's conduct constitutes malicious prosecution under the laws of Washington State.

### Infliction of Emotional Distress

4.7   The Defendant, engaged in conduct which constitutes negligent infliction of emotional distress or, alternatively, intentional infliction of emotional distress (outrage).

4.8   As a direct and proximate result of the Defendant's conduct, Plaintiff sustained injuries and damages, discussed more fully hereinafter.

### Negligence/ Tortious Conduct

4.9   At all times material hereto, Plaintiff was owed several duties of care by the Defendant, including, but not by way of limitation, one or more of the following:

   a.   The duty to be free from a negligent, unwarranted and/ or unlawful violation of his right of personal liberty;

**PAUKERT & TROPPMANN, PLLC**
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
TEL: 509-232-7760  FAX: 509-232-7762

b. The duty to have legal cause to effectuate a transfer, termination of his treatment program, termination of his DOSA community supervision program and detention of an individual;

c. The duty to be free from restraint and detention without legal authority;

d. The duty to be free from unwarranted/ unlawful imprisonment; and/or,

e. The duty of State officers, agents and employees to act and exercise the degree of care as others would act and exercise in the same or similar circumstances.

4.10 The Defendant's conduct constitutes recklessness, gross negligence and/or negligence under the laws of the State of Washington.

4.11 As a direct and proximate result of the Defendant's tortious conduct (under both state law and 42 USC Sec. 1983), Plaintiff sustained injuries and damages, discussed more fully herein.

## CAUSES OF ACTION UNDER 42 USC SECTION 1983

4.12 The following allegations of conduct by the Defendant were made under color of state law in violation of federal laws and Plaintiff's protected federal rights.

4.13 Defendant CCO Judy McCullough's actions in violating the federal civil rights set forth below were done intentionally, maliciously, wantonly, oppressively, recklessly, and/or with deliberate indifference, subjecting the Defendant to liability under 42 USC Section 1983 for damages in an amount to be proven at trial.

4.14 Defendant CCO Judy McCullough's actions in violating the federal civil rights set forth below were done intentionally, maliciously, wantonly, oppressively, and/or recklessly, subjecting her to punitive damages in an amount to be proven at trial.

**False Imprisonment Violation Under the Fourth Amendment**

4.15 Defendant either individually, or acting in concert, subjected Plaintiff to false imprisonment in violation of his Fourth Amendment rights.

4.16 Defendant deliberately, knowingly, and/or with deliberate indifference sought to interfere with Plaintiff's substance abuse treatment and preservation of his right to community-based custody and thereafter deliberately further detained Plaintiff in custody.

4.16 Said detention was unlawful because it lacked legal justification under Washington law, which provides that offenders can complete their DOSA if they have not failed to complete or been administratively terminated from their substance abuse treatment program.

4.17 As a proximate cause of the unlawful imprisonment affected upon Plaintiff, the Plaintiff suffered injuries and damages as stated herein.

**Malicious Prosecution Violation Under the Fourth Amendment**

4.18 Defendant's conduct resulted in the prosecution of Plaintiff for termination of his DOSA without probable cause or legal basis, based on malice.

4.19 Plaintiff's malicious prosecution was terminated in his favor on January 23, 2019.

4.20  As a direct and proximate result of Defendant's conduct, Plaintiff sustained injuries and damages, discussed more fully herein.

4.21  Defendant's conduct constitutes malicious prosecution under federal law.

## 5.  DAMAGES

5.1  As a direct and proximate result of the facts as alleged herein, Plaintiff has suffered and will in the future continue to suffer the loss of enjoyment of life, pain, mental anguish, mental injury and suffering and other injuries.

5.2  As a further direct and proximate result of the occurrence alleged herein, Plaintiff has sustained lost income in an amount to be proven at the time of trial.

5.3  Punitive damages under federal law against Defendant CCO McCullough are necessary to deter similar misconduct in the future.

## 6.  PRAYER FOR RELIEF

Plaintiff Moody requests a bench trial, and that he be awarded:

6.1  Compensatory damages in an amount to be proven at trial;

6.2  Punitive damages to the extent authorized by law, in an amount to be proven at trial;

6.3  Plaintiff's reasonable attorney fees and costs, pursuant to 42 U.S.C. § 1988, or as otherwise provided by law.

6.4  Such other and further relief as the court deems just and equitable.

DATED this 14th day of January, 2020

PAUKERT & TROPPMANN, PLLC


By:    */s/ Breean L. Beggs*
    BREEAN L. BEGGS, WSBA # 20795
    ANDREW BIVIANO, WSBA #38086
    522 W Riverside Ave., Suite 560
    Spokane, WA 99201
    PH: 509-232-7760
    FAX: 509-232-7762

    Attorneys for Plaintiff