UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILLIP MOODY, a single man,<br><br>                    Plaintiff,<br>      v.<br><br>COMMUNITY CORRECTIONS OFFICER JUDY MCCULLOUGH, WASHINGTON DEPARTMENT OF CORRECTIONS, a subsidiary for the State of Washington, the STATE OF WASHINGTON, and DEPARTMENT OF CORRECTIONS EMPLOYEES JOHN/JANE DOES 1-5,<br><br>                    Defendants. | CASE NO. 20-5201 RJB<br><br>ORDER ON MOTION AND REMANDING CASE |

This matter comes before the Court on the Plaintiff's Motion to Voluntarily Dismiss State Law Claims against Judy McCullough and Federal Claims against the State of Washington by Amending his Complaint (Dkt. 33) and the Plaintiff's response to the April 12, 2021 Order to Show Cause (Dkts. 44). The Court has considered pleadings filed regarding the motion, the response to the order to show cause, and the file herein.

ORDER ON MOTION AND REMANDING CASE - 1

Originally filed in Pierce County, Washington Superior Court, this case arises from the revocation of the Plaintiff's Drug Offender Sentencing Alternative ("DOSA"). Dkt. 1. The Plaintiff asserted federal claims for unlawful imprisonment and malicious prosecution pursuant to 42 U.S.C. § 1983 and state law claims for unlawful imprisonment, malicious prosecution, outrage, and negligence. Dkt. 15.

I. **RELEVANT BACKGROUND, FACTS AND PROCEDURAL HISTORY**

On April 5, 2021, the Plaintiff filed a Motion to Voluntarily Dismiss State Law Claims against Judy McCullough and Federal Claims against the State of Washington by Amending his Complaint. Dkt. 33. The Plaintiff moves to dismiss, without prejudice, all state law claims against Judy McCullough, in her individual capacity. *Id.* He also moves to dismiss the federal claims he asserted against Washington State and the Washington State Department of Corrections (collectively "State"). *Id.* The Plaintiff moves to remove these claims by seeking leave of Court to file a second amended complaint. *Id.* The Plaintiff attached a proposed second amended complaint (Dkt. 34-1) to his motion. The proposed second amended complaint asserts state law claims, including unlawful imprisonment, malicious prosecution, outrage, and negligence against all Defendants except Judy McCullough. Dkt. 34-1.

On April 12, 2021, the Defendants' Motion for Summary Judgment (Dkt. 23) was granted, in part, and the Plaintiff's federal claims were dismissed with prejudice. Dkt. 44. The Plaintiff's Motion for Summary Judgment (Dkt. 21) relating to his federal claims was denied. *Id.* The relevant statutory background, facts, and procedural history are in that order (Dkt. 44, at 1-12) and are adopted here by reference. The parties were ordered to show cause, if any they had, why the Court should not decline to exercise supplemental jurisdiction and remand the case to Pierce County, Washington Superior Court. Dkt. 44. The parties were further informed that "[i]f the

ORDER ON MOTION AND REMANDING CASE - 2

Court decides to decline jurisdiction, the portions of Defendants' Motion for Summary Judgment (Dkt. 23) and the Plaintiff's Motion for Summary Judgment (Dkt. 21), which are based entirely on state law, will be denied without prejudice, but may be renoted in the state court."

## II. DISCUSSION

### A. PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS CLAIMS BY FILING AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15, the Plaintiff's Motion to Voluntarily Dismiss State Law Claims against Judy McCullough and Federal Claims against the State of Washington by Amending his Complaint (Dkt. 33) should be granted, in part, and denied as moot, in part. No opposition was filed to the motion. The motion (Dkt. 33) should be granted as to his voluntary dismissal, without prejudice, of the state law claims against Defendant Judy McCullough. To the extent that the Plaintiff moves to voluntarily dismiss his federal claims, the motion (Dkt. 33) should be denied as moot because those claims have already been dismissed. The Plaintiff's proposed second amended complaint was properly filed as a "redline" version. The Plaintiff should be ordered to file a clean copy of his second amended complaint by **April 30, 2021**.

### B. SUPPLEMENTAL JURISDICTION

Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over a state law claims if (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the values of

ORDER ON MOTION AND REMANDING CASE - 3

economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

Here, two of the four conditions in § 1367(c) are present. All of Plaintiff's federal claims have been dismissed in the order granting defendants' motion for summary judgment. Dkt. 44. Accordingly, this Court has "dismissed all claims over which it has original jurisdiction," and so has discretion to decline to exercise supplemental jurisdiction over the state law claims under § 1367(c)(3). Moreover, the remaining state claims "raise novel or complex issues of state law" under § 1367(c)(1), determinations for which the state court is uniquely suited. The Plaintiff does not object to remanding the case. Dkt. 44.

The values of economy, convenience, and fairness may well be served by this Court's declining to exercise supplemental jurisdiction. *See Acri v. Varian Associates, Inc.*, 114 F.3d at 1001. Further, because state courts have a strong interest in enforcing their own laws, *See Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 352 (1988), the value of comity is served by this court declining jurisdiction. The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and these claims should be remanded to Pierce County, Washington Superior Court.

The portions of Defendants' Motion for Summary Judgment (Dkt. 23) and the Plaintiff's Motion for Summary Judgment (Dkt. 21), which are based entirely on state law, should be denied without prejudice, but may be renoted in the state court.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- The Plaintiff's Motion to Voluntarily Dismiss State Law Claims against Judy McCullough and Federal Claims against the State of Washington by Amending

his Complaint (Dkt. 33) **IS GRANTED** as to the state law claims against Judy McCullough and **DENIED AS MOOT** as to the federal claims against the State of Washington;

- The Plaintiff **SHALL FILE** a clean copy of his second amended complaint by **April 30, 2021**;

- The portions of Defendants' Motion for Summary Judgment (Dkt. 23) and the Plaintiff's Motion for Summary Judgment (Dkt. 21), which are based entirely on state law, **ARE DENIED WITHOUT PREJUDICE**, but may be renoted in the state court;

- The Court **DECLINES** to exercise supplemental jurisdiction over the state law claims; and

- This case **IS REMANDED** to Pierce County Washington Superior Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of April, 2021.

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION AND REMANDING CASE - 5